DISSENTING OPINION BY JUDGE COSGROVE As I disagree with the Majority’s analysis, I am compelled to dissent. Cardone Industries (Employer) asks us to treat the wage loss benefits paid to Wilner Dorvilus (Claimant) as never having existed, relying heavily on our decision in Sloane v. Workers’ Compensation Appeal Board (Children’s Hospital of Philadelphia), 124 A.3d 778 (Pa. Cmwlth. 2015) to support its contention the reinstatement petition was properly dismissed. In Sloane, a claimant sought in 2011 to reinstate wage loss benefits for a 2006 injury. The existence of that injury had not been litigated. Rather, the claimant’s employer accepted this injury through a medical-only notice of compensation payable (NCP). The claimant’s petition for reinstatement of total disability benefits for the 2006 injury was granted by a workers’ compensation judge. The Workers’ Compensation Appeal Board (Board) reversed in part on appeal, concluding the claimant was required to comply with the three-year limitation set forth in Section 413(a) of the Workers’ Compensation Act.[1] As the claimant had not filed within three years of the date of the 2006 injury, she was barred from receiving total disability benefits. This Court affirmed the order of the Board, finding that a claimant could not reinstate a disability that was never recognized by the employer, or established via litigation. The facts of this case distinguish it from Sloane. Unlike the Sloane claimant, the present Claimant actually litigated his case, and, for a time, had a recognized disability for which he actually received wage loss benefits. As such, Claimant filed his reinstatement petition well within the three-year limit set forth in Section 413(a)[2] of the Act. His wage loss benefit payments ceased in July 2013, and his reinstatement petition was filed on May 8, 2015. Section 413(a) only requires the reinstatement petition to be filed within three years of the last payment. The fact that Claimant was deemed not entitled to that payment does not render it nonexistent. A strict read of Section 413(a) requires us to conclude that Claimant’s petition was timely. For these reasons, I dissent. . Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§ 1-1041.4, 2501-2708. . 77 P.S. § 772.